*E-FILED: August 23, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIQWEI INVESTMENTS, LLC, | No. C13-03876 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE** |
| v. | |
| SHAINA L. LISNAWATI; FRANCISCA INGEGNERI; and DOES 1 to 20, inclusive, | **REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |
| Defendants. | |

Pro se defendant Francisca Ingegneri removed this unlawful detainer action from the Santa Clara County Superior Court. For the reasons stated below, the undersigned recommends that this matter be remanded to state court.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. FED. R. CIV. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

1   Federal courts have original jurisdiction over civil actions "arising under the
2   Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under"
3   federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim
4   for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and
5   counterclaims asserting a federal question do not satisfy this requirement. Id. Here, plaintiff's
6   complaint presents claims arising only under state law. It does not allege any federal claims
7   whatsoever. The notice of removal asserts that defendant's due process rights have been
8   violated. But, allegations in a removal notice or in a response to the complaint cannot provide
9   this court with federal question jurisdiction.

10  Additionally, defendant fails to show that diversity jurisdiction exists. Federal district
11  courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or
12  value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28
13  U.S.C. §1332. The complaint indicates that the amount demanded does not exceed $10,000.
14  Moreover, as a California defendant, Ingegneri cannot remove this action on the basis of
15  diversity. 28 U.S.C. § 1441(b)(2) (an action may not be removed "if any of the parties in
16  interest properly joined and served as defendants is a citizen of the State in which such action is
17  brought."); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus
18  clear that the presence of a local defendant at the time removal is sought bars removal.").

19  Because not all parties have consented to the undersigned's jurisdiction, this court
20  ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned
21  further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara
22  County Superior Court. Any party may serve and file objections to this Report and
23  Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ.
24  P. 72.

25  Dated: August 23, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

1  5:13-cv-03876-HRL Notice has been electronically mailed to:

2  Kirkman Jan Hoffman     kirk@kirkhoffman.com

3

4  5:13-cv-03876-HRL Notice sent by U.S. Mail on August 23, 2013 to:

5  Francisca Ingegneri
   646 Clauser Drive
6  Milpitas, CA 95035

**United States District Court**
For the Northern District of California